IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The Huntington National Bank, | ) | C/A No. 3:15-1250-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Robert Sackett, *as personal representative for the Estate of Phyllis Elaine Busby Livingston*; Richard H. Livingston, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff The Huntington National Bank ("Bank") filed this interpleader action against Defendants Robert Sackett and Richard H. Livingston to determine ownership of certain funds deposited in an account maintained by the Bank. This matter is before the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on a motion to dismiss filed by Defendant Livingston (who is self-represented) (ECF No. 10), and a Joint Motion for Voluntary Dismissal filed by the Bank and Defendant Sackett (ECF No. 36). Having reviewed the parties' submissions and the applicable law, the court finds that this matter should be dismissed without prejudice.

Importantly, the Bank and Defendant Sackett have informed the court that "[t]he competing claims that were the subject matter of this statutory interpleader action have been resolved by a final order from the Lexington County, South Carolina Probate Court." (ECF No. 36 at 1; see also July 29, 2015 Order, ECF No. 36-1.) Defendant Livingston's motion to dismiss similarly appears to be based in part on representations that he no longer disputes Sackett's right to manage the estate funds

Page 1 of 3

PJG

and that the state court issued an order regarding the funds at issue.[1]  (ECF No. 10 at 1-2.)

It appearing that all parties agree that this matter has been fully resolved, the court recommends that this matter be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Defendant Livingston also generally challenges the sufficiency of the service of process; however, in light of the court's recommendation that this matter be dismissed without prejudice, the court need not reach this issue.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).